IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | No. CIV S-09-1770-GEB-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JASON BARKER, | |
| Defendant. | |
| _____/ | |

   This civil action was originally filed in the Superior Court of California, County of Butte.  On June 26, 2009, Defendant Barker filed a notice of removal.  Plaintiff thereafter filed a motion for an order shortening time for service of and hearing on a motion to remand.  The motion for an order shortening time was granted, and the motion to remand was set for hearing on August 6, 2009, at 10:00 a.m., before the undersigned in Redding, California.

   Pending before the court is Plaintiff's motion to remand (Doc. 14).  Defendant filed his opposition to the motion (Doc. 18).  The matter was heard as set on August 6, 2009.  Brian Whittemore, Esq., appeared telephonically for Plaintiff; Defendant Jason Barker appeared in pro se.

/ / /

## I. MOTION TO REMAND

Plaintiff brings this motion on the basis that the notice of removal was filed untimely and this court lacks subject matter jurisdiction. Plaintiff states this action was "brought" on May 19, 2009, and the notice of removal was not filed until June 26, 2009. Thus more than 30 days passed, and the notice of removal was untimely as filed beyond the time permitted. See 28 U.S.C. § 1446(b).

Plaintiff also argues this court lacks subject matter jurisdiction over this matter. Plaintiff contends first that the court lacks jurisdiction because this is an unlawful detainer action which could not have been brought originally in federal court. See 28 U.S.C. § 1441(a). Second, state case law does not allow a cross-complaint to be filed in an unlawful detainer action, which Defendant is using as an alleged basis for federal jurisdiction. See Superior Models, Inc. v. Rinn Motor Hotels, Inc., 241 Cal. Rptr. 487, 505-06 (Cal. App. 1987).

In addition, Plaintiff is requesting recovery of costs and fees incurred as a result of the improper removal of this action. 28 U.S.C. § 1447(c). Plaintiff is requesting a total of $2,510.00, including costs of $350.00 (filing fees), plus attorney fees of $2,160 (6 hours at $190, plus 4 hours at $255).

## II. OPPOSITION

Defendant opposes the motion to remand on the basis that Plaintiff has acted in a fraudulent manner, and that Plaintiff failed to prove there is a debt owed by producing an original note signed with blue ink. He argues that "[t]his Motion for Removal is far from 'tenants, leases, and landlords', but is focused on conspiracy, predatory lending practices, and the depriving people of land, property, money, and rights - RICO - forthcoming - within 30 days without any holder in due course status." (Opposition at 6).

Defendant relies on two Ohio District Court cases, which he has attached as exhibits to his opposition, for his position that "the Mortgage must produce and hold the note." (Id.). The first case is from the Northern District Court of Ohio, which was in federal court based

on diversity jurisdiction. The court there dismissed several foreclosures cases because Plaintiff failed to satisfy its burden of demonstrating standing. He also submits an opinion from the Southern District of Ohio, which also was in federal court based on diversity jurisdiction. That court confirmed that foreclosure actions can be brought in federal court, but on the basis of diversity jurisdiction.

**III.   DISCUSSION**

The federal removal statute provides that "[a] defendant . . . desiring to remove any civil action . . . from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a).

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)

Here, Defendant's notice of removal states that he was served with Plaintiff's complaint "on or after April 28, 2009." The notice of removal was filed on June 26, 2009. Defendant acknowledged that the notice of removal was untimely, but argued it was untimely filed based on Plaintiff's conspiracy. In his opposition to the pending motion, he changes his position, and claims that he was not served until June 27, 2009, when he found the complaint on his doorstep. He further claims he was never personally served. In the motion, Plaintiff appears to allege the original action was not filed until May 19, 2009, in which case Defendant is not likely to have been served on April 28, 2009. The complaint filed with the notice of removal does not have a file date stamp, but was signed on April 27, 2009.

The timeliness of the notice of removal is unclear. To the extent Defendant claims he was served "on or after April 28, 2009," as alleged in the notice of removal, the removal would be untimely as not filed within 30 days thereafter. However, he changes that

1  allegation in his opposition by stating he was never personally served, but rather found a copy of
2  the complaint on his doorstep on June 27, 2009.  However, he filed his notice of removal on June
3  26, 2009, the day before he is now claiming he found the complaint.  He clearly had notice in
4  some manner of the underlying state court action prior to June 27, 2009.  When and how he was
5  served is not clear to the undersigned.  Defendant was unable to clarify this issue at the hearing.
6  If the undersigned assumes, as stated in the notice of removal, that Defendant was served on or
7  around April 28, 2009, the removal would be untimely.  The notice of removal was required to
8  be filed within 30 days after Defendant received a copy of the initial complaint, "through service
9  or otherwise."  28 U.S.C. § 1446(b).  However, as the timeliness issue is unclear the undersigned
10 will assume, for the sake of this decision, that the notice of removal was timely, and will consider
11 whether this court has subject matter jurisdiction to hear this matter upon removal.

12         "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life
13 Ins. Co. of Am., 511 U.S. 375, 377 (1994).  28 U.S.C. § 1331 provides that "district courts shall
14 have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the
15 United States."  Section 1441 provides that "any civil action brought in a State court of which the
16 district courts of the United States have original jurisdiction, may be removed by the defendant . .
17 . ."  28 U.S.C. § 1441(a).  The burden of establishing removal jurisdiction is on the removing
18 party.  See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007).

19         "[I]t is well established that the plaintiff is 'master of her complaint' and can
20 plead to avoid federal jurisdiction."  Id. at 997-98 (citations omitted).  "It is long settled law that
21 a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises
22 issues of federal law."  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully
23 v. First Nat'l Bank, 299 U.S. 109 (1936).  "[A] counterclaim - which appears as part of the
24 defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for "arising
25 under" jurisdiction."  Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826,
26 831 (2002).  To hold otherwise would "contravene the longstanding policies underlying our

precedents." Id.  The precedents the Court wants to protect include the well-pleaded complaint rule, which allows the plaintiff to be the "master of the complaint," and the limited class of removable cases.  See id at 831-32.

Here, Defendant has based the removal of this action on his counterclaim, not the original pleading.  The original complaint is an unlawful detainer action, based solely on state law, which the Plaintiff correctly asserts does not give rise to federal court jurisdiction.  Defendant's removal notice states that "Plaintiff's cause of action is based on 15 U.S.C. § 1692" (abusive debt collection practices).  However, reviewing the complaint, it does not appear that Plaintiff intended to bring this action under any federal statute, but rather to proceed under state law in a routine unlawful detainer action following a foreclosure sale.  Instead, Defendant is attempting to raise federal issues in his cross-complaint in order to bring this case to federal court.  As such, this court has no jurisdiction over this case.

Plaintiff's reliance on State case law is unnecessary.  Regardless of whether or not Defendant can file a cross-complaint in an unlawful detainer action in state court, he cannot base federal jurisdiction on a cross-complaint.  In addition, Defendant's reliance on the Ohio District Court cases is misplaced.  Those cases do not address whether this court has subject matter jurisdiction based on claims raised in a cross-complaint.

Finally, Plaintiff requested an award of attorney fees and costs in the motion.  However, at the hearing on this matter, Plaintiff waived such an award if the court granted the motion.  As such, the court will not address the request, and no fees and costs will be awarded.

**IV.    CONCLUSION**

Based on the above, the undersigned finds this court lacks subject matter jurisdiction to hear this case.  The complaint does not give rise to federal court jurisdiction and

/ / /

/ / /

/ / /

Defendant's attempt to raise a federal question in a cross-complaint is insufficient to establish jurisdiction for removal.[1]

Based on the foregoing, the undersigned recommends that Plaintiff's motion to remand (Doc. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 10 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] There has been no argument made for diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Nothing in the record identifies the citizenship of either party and neither party has offered that as a basis for federal jurisdiction.